[Crim No. 5223.   Second Dist., Div. Two.   Sept. 13, 1954.]

## THE PEOPLE, Respondent, v. REO MACK DAWSON, Appellant.

Cary G. Branch for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

McCOMB, J.—From a judgment of guilty of violating section 11500 of the Health and Safety Code (unlawful possession of a narcotic) after trial before the court without a jury, defendant appeals.

*Facts:*[1] Police Officer Northrup on February 17, 1954, at approximately 11 p. m., together with his partner, Officer Conrad, observed defendant accompanied by a woman on the west side of Gladys Street near its intersection with Fourth street.   As the officers approached defendant and his companion in their police car and stopped near them, they saw defendant place his right hand to his mouth and put some-

---

[1]Pursuant to settled rules of law the record is viewed in the light most favorable to the respondent, all inferences in support of the judgment being drawn from the facts, and in case of a conflict in the evidence, the inferences most favorable to sustaining the findings of the trial court are accepted as true, contrary evidence being disregarded.

thing in it. Officer Northrup put his arm around defendant's neck and told him to spit it out, at which time Officer Conrad came over and handcuffed defendant.

There was a slight struggle and defendant spat the object from his mouth, which, upon examination by the police chemist, was found to be three bindles containing heroin.

■ *Question: Was defendant denied due process of law as guaranteed by the 14th Amendment to the Constitution of the United States?*[2]

*No.* Defendant argues that he was deprived of due process of law in his trial for the reason that "brutal or shocking force" was exerted against his person in order to acquire evidence later used to convict him. In support of this contention he relies on *Rochin* v. *California,* 342 U.S. 165 [72 S.Ct. 205, 96 L.Ed. 183, 25 A.L.R.2d 1396].

This contention is devoid of merit. The facts as set forth above were clearly supported by the evidence and there is a total absence of any showing of brutal or shocking force used against defendant to obtain the bindles of heroin which he had placed in his mouth, the officer having testified that he merely put his arm around defendant's neck to hold him and told him to spit out what he had placed in his mouth. Clearly there is no brutality or shocking force demonstrated by such evidence.

A case exactly in point, holding that such conduct did not violate any right of the defendant is *United States* v. *Ong Siu Hong,* 36 Philippine Reports 735.

*Rochin* v. *California, supra,* is not here in point. In such case three deputy sheriffs entered defendant's bedroom after having forced the bedroom door open without having first obtained a search warrant to enter the room. When defendant grabbed certain capsules and put them in his mouth, the deputy sheriffs grabbed him by the throat and squeezed his throat to cause him to eject the capsules. One of the deputies put his finger in defendant's mouth, and being unsuccessful in retrieving the capsules, they took him to a hos-

---

[2]The 14th Amendment to the Constitution of the United States reads in part:

"Section 1. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

pital where he was strapped to an operating table. An empty pail was placed by him and a tube put down defendant's throat with the result that a white chemical solvent was released into the tube, after which defendant vomited into the pail and two capsules containing morphine floated into it. It was stipulated that the capsules were taken from defendant by the use of a stomach pump without his consent and against his will.

Clearly the facts in that case are not analogous with those in the present case and such decision is not here controlling.

No error appearing in the record, the judgment is affirmed.

Moore, P. J., concurred.